UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAMAINE A. HARRISON                                         CIVIL ACTION

VERSUS

GOVERNOR BOBBY JINDAL, ET AL.                               NO. 14-0804-JWD-RLB

**O R D E R**

The *pro se* plaintiff, a person previously confined at a facility operated by the East Louisiana Mental Health System ("ELMHS") in Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, against Governor Bobby Jindal, ELMHS CEO Steve Lee, ELMHS Psychiatrist Dr. Gutry, ELMHS Psychiatrist Dr. Roberts, Dr. McConville, the Jefferson Parish Public Defenders Office, Jefferson Parish Public Defender Mike Somoza, Jefferson Parish Correctional Center Officer Forett, two unidentified correctional officers at the Jefferson Parish Correctional Center, and the AT&T Phone Company, complaining that his constitutional rights were violated by Jefferson Parish officials and at ELMHS through, *inter alia*, false imprisonment, exposure to unconstitutional conditions of confinement, deliberate indifference to his health and safety, excessive force, and a failure to provide an adequate defense.  In addition, the plaintiff included allegations regarding alleged violations of the constitutional rights of other detainees confined at ELMHS.  Pursuant to a prior Order in this case (R. Doc. 3), the plaintiff was granted authorization to proceed as a pauper in this proceeding.

The statute applicable to the granting by courts of *in forma pauperis* status to inmates in cases challenging the conditions of their confinement make clear that the plaintiff is no longer entitled to proceed as a pauper in this case.  This statute, 28 U.S.C. § 1915, provides, in pertinent

part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals examined the effect of the referenced statute and concluded that all civil actions or appeals dismissed as frivolous, malicious or for failure to state a claim are included within the ambit of the "three strikes" provision of § 1915(g). In addition, an interpretation of *Adepegba* instructs that this Court should revoke the prior grant of pauper status to inmates who are later determined to have accumulated three "strikes" and should require that these inmates pay the Court's filing fee or face dismissal of their pending actions or appeals. *See id.* at 388 (concluding that the appeal under review in that case *and all other pending appeals* filed by the "three strike" petitioner should be dismissed in the absence of payment by the petitioner of the full amount of the Court's filing fee).

A review of the records of this Court reflects that, on three or more prior occasions while incarcerated, the plaintiff brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] In addition, it appears that the plaintiff commenced this proceeding while he was detained or incarcerated, and

---

[1]. Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Tramaine A. Harrison v. Jefferson Parish Correction Center, et al.,* Civil Action No. 14-0781-SDD-RLB (M.D. La.), *Tramaine Harrison v. State of Louisiana, et al,* Civil Action No. 15-0006-JWD-SCR (M.D. La.), and *Tramaine A. Harrison v. President Barak Obama, et al.*, Civil Action No. 15-0080-BAJ-RLB (M.D. La.).

although he has since been released from confinement, the courts that have addressed this issue have concluded that such release does not relieve the plaintiff of the obligation to pay the full amount of the fee, without the benefit of periodic installment payments.  *See Torns v. Mississippi Department of Corrections*, 421 Fed. Appx. 316, 317 (5th Cir. 2010) (concluding that a plaintiff's "subsequent release from prison did not entitle him to proceed IFP on an action that he had brought while he was a prisoner subject to the three-strikes bar").  *See also Harris v. City of New York*, 607 F.3d 18, 19 (2d Cir. 2010) (finding that, "because [the plaintiff] was a prisoner at the time he 'brought' the present action, the text of the statute mandates that the three strikes rule apply"); *Hamilton v. Chisolm*, 2012 WL 4739953, *1 at n. 3 (S.D. Ga. Oct. 3, 2012) (concluding that "[a] plaintiffs status at the time of *filing* is determinative," and a subsequent release from prison does not entitle a plaintiff evade the effect of the three-strikes bar).  Accordingly, the Court concludes that the plaintiff is now barred from proceeding *in forma pauperis* in this case and that he is required to pay the full amount of the Court's filing fee.[2]  Therefore;

**IT IS ORDERED** that the Order of this Court dated February 24, 2015 (R. Doc. 3), pursuant to which the plaintiff was granted *in forma pauperis* status in this proceeding, be and it is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* herein (R. Doc. 2) be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff is granted thirty (30) days from the date of this Order within which to pay $400.00, the full amount of the Court's filing fee.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.  Failure to pay the

---

2. Inasmuch as the allegations of the plaintiff's Complaint do not reflect that he is or was in "imminent danger of serious physical injury," he does not fall within the exception to 28 U.S.C. § 1915(g).

filing fee within 30 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

    Signed in Baton Rouge, Louisiana, on October 30, 2015.

                                       **RICHARD L. BOURGEOIS, JR.**
                                       **UNITED STATES MAGISTRATE JUDGE**